IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01884-GPG

ARCHIE R. STEINHOUR,

    Applicant,

v.

STATE OF COLORADO,
CYNTHIA HOFFMAN, The Attorney General of the State of Colorado, and
MICHAEL MILLER,

    Respondents.

## ORDER OF DISMISSAL

Applicant Archie R. Steinhour is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") currently incarcerated at the Crowley County Correctional Facility. Mr. Steinhour filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his conviction and sentence in Denver County District Court Case No. 99CR0265. He has paid the $5.00 filing fee.

In orders (ECF Nos. 5 and 6) entered on October 6, 2015 and November 13, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. Respondents filed a Pre-Answer Response (ECF No. 9) on December 8, 2015. On December 28, 2015, Applicant filed a Reply (ECF No. 11).

The Court must construe liberally Applicant's pleadings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110. For the reasons explained below, the Court will dismiss this action as time-barred by the one-year limitation period, 28 U.S.C. § 2244(d)(1), in the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

**I.     Background**

On December 6, 1999, Applicant pleaded guilty to two counts of sexual exploitation of a child in Case No. 99CR0265 in the Denver County District Court, and was sentenced to two consecutive 15-year terms of incarceration in the CDOC. (ECF No. 9-1, at 12). The sentence in Case No. 99CR0265 also was ordered to run concurrent with the sentence in Case No. 98cr3582 in the Jefferson County District Court. (*Id.*). Applicant did not appeal.

On June 28, 2001, Applicant filed a postconviction motion pursuant to Colo. Crim. P. Rule 35 alleging that his sentence was illegally aggravated in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). (*See* ECF No. 9-1, at 11; ECF No. 9-18, at 2). Applicant also alleged that the CDOC was improperly deducting restitution from his inmate account. (*Id.*). The state court denied both claims and Applicant appealed. (*Id.*). The Colorado Court of Appeals affirmed the denial of the *Apprendi* claim, but vacated the denial of the restitution claim because the trial court lacked jurisdiction over that claim. (*See* ECF No. 9-15, *People v. Steinhour*, No. 01CA2426 (Colo. App. May 1, 2003) ("*Steinhour I*"). The Colorado Supreme Court denied Applicant's petition for writ of certiorari on December 22, 2003. (ECF No. 9-13).

On January 5, 2005, Applicant filed a second motion for postconviction relief pursuant to Colo. Crim. P. Rule 35 alleging that his sentence violates both *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004). (*See* ECF No. 9-1, at 9; ECF No. 9-12, at 2).  The state court denied the motion on January 30, 2006, and Applicant appealed.  (*Id.*).  On September 13, 2007, the Colorado Court of Appeals affirmed the denial.  (ECF No. 9-10, *People v. Steinhour,* 06CA0535 (Colo. App. Sept. 13, 2007) ("*Steinhour II*").  Applicant was granted an extension of time to file a petition for writ of certiorari, but the Colorado Supreme Court dismissed the certiorari proceeding on November 17, 2008, after Applicant moved to "withdraw" the certiorari proceeding.  (*See* ECF No. 9-9, at 2-4; ECF No. 9-8, at 2).

On May 10, 2012, Applicant filed a third motion for postconviction relief pursuant to Colo. Crim. P. Rule 35.  (ECF No. 9-1, at 8).  The state court denied the motion on October 16, 2012.  (*Id.*; ECF No. 9-7).  Applicant requested reconsideration, and the state court granted relief on new claims that were added during the process, but denied reconsideration of the claims under Rule 35.  (ECF No. 9-1, at 7; ECF No. 9-6).  The Colorado Court of Appeals affirmed the decision on appeal.  (ECF No. 9-4, *People v. Steinhour,* 13CA0651 (Colo. App. Oct. 23, 2014) (*"Steinhour III"*).  Applicant's petition for certiorari review was denied by the Colorado Supreme Court on June 22, 2015. (ECF No. 9-2, at 2).

Applicant filed his federal habeas corpus application on August 28, 2015. Applicant's sole claim is as follows: "[t]he Colorado State Courts erred when they denied the Petitioner's Issue #1 where he should be permitted to withdraw his guilty plea because he pleaded to an illegal sentence."  (ECF No. 1, at 4).

**II.    The AEDPA Time Bar**

3

Respondents first assert in the Pre-Answer Response that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). The Court agrees.

Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Applicant's conviction became final. *See* U.S.C. § 2244(d)(1)(A). As noted above, Applicant pleaded guilty and was sentenced to thirty years imprisonment in Denver County District Court Case No. 99CR0265 on December 6, 1999. Because Applicant did not appeal, his conviction became final when the time to file a direct

appeal expired.  Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable when he was sentenced to prison, Applicant had forty-five days to file a notice of appeal.  Thus, Applicant's judgment of conviction became final when the forty-five day period expired on January 20, 2000.

Applicant does not allege or argue that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claim before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).  Applicant does assert that "in accordance with the Colorado Statute Crim. P. 35(a) rules in effect at date of sentencing of December 6, 1999, a Colorado Crim. P. 35(a) can be corrected 'at any time.'  There is not time bar."  (ECF No. 11, at 1).  Applicant further alleges "that there is no time bar to enforce the terms of a plea agreement" under Colorado law.  (*Id.,* at 2).  Finally, Applicant argues that his claim challenging an illegal sentence is not subject to the time bar under § 2244(d)(1).  (*Id.*).

These arguments are unavailing.  Although Colorado law does provide that a motion to correct an illegal sentence may be filed in state court at any time, *see* Colo. Crim. P. Rule 35(a), that state law is separate from and does not alter the limitation period under § 2244(d)(1) of the AEDPA for bringing a federal habeas corpus application in federal court.  As a result, the Court finds that the one-year limitation period began to run on January 21, 2000, the day after Applicant's conviction became final.  *See United States v. Hurst,* 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

The Court next must determine whether any of Applicant's state postconviction

motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Here, the limitation period began to run on January 21, 2000, and ran unabated until it expired on January 21, 2001.  *See United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year limitations period ends on the one-year anniversary of the date upon which the period began to run).  As noted above, Applicant's first motion for postconviction relief was not filed until June 28, 2001, more than five months after the one-year limitation period had expired.  Thus, the postconviction motion did not toll the limitation period.  *See Clark v. Oklahoma,* 468 F.3d 711, 714 (10th Cir. 2006) (stating

that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Moreover, Applicant's "Motion to Request Estimate of Costs for Sentencing Transcripts" filed on January 11, 2001 (*see* ECF No. 9-1, at 11) does not toll the limitation period because it does not qualify as a properly filed state court postconviction motion. *See e.g., Woodford v. Garceau,* 538 U.S. 202, 207 (2003) (holding that a motion requesting postconviction counsel that does not state any factual or legal grounds for relief as requires by Rule 35(c) is not a properly filed application for § 2244(d) purposes, because it does not call for a decision on the merits); *May v. Workman,* 339 F.3d 1236, 1237 (10th Cir. 2003) (postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year time bar); *Osborne v. Boone,* 176 F.3d 489 (10th Cir. 1999) ("attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)"). Thus, the Court finds that none of Applicant's motions toll the limitation period under § 2244(d)(1).

Here, Applicant filed his federal habeas corpus application on August 28, 2015, more than fourteen years after the AEDPA limitations period had expired. Therefore, the action clearly is time-barred in the absence of some other reason to toll the one-year limitation period.

### III.    Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented

7

timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Applicant does not argue or allege any facts to meet his burden of demonstrating that equitable tolling is appropriate in this action. Based on the above findings, the Court will dismiss this action with prejudice as time-barred. *See Brown v. Roberts,* 177 Fed. App'x 774, 778 (10 th Cir. 2006) (dismissal as time-barred operates as dismissal with prejudice). Because the action clearly is time-barred, the Court will refrain from addressing whether the claim is exhausted.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district

court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  5th  day of   February        , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court