IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01884-LTB

ARCHIE R. STEINHOUR,

    Applicant,

v.

STATE OF COLORADO,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
MICHAEL MILLER,

    Respondents.

---

**ORDER DENYING SECOND MOTION FOR RECONSIDERATION**

---

The matter before the Court is Applicant's *pro se* "Motion to Alter or Amend Rehearing Judgment Extension of Time for Filing" (ECF No. 17) asking the Court to reconsider its Order Denying Motion for Reconsideration and Granting Motion for Extension of Time to File Notice of Appeal (ECF No. 16) entered in this action on March 2, 2016. Mr. Steinhour also requests, in the alternative, that he be granted another thirty-day extension of time to file a notice of appeal. The Court must construe the motion liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court construes the motion as a second motion for reconsideration of the Court's Order of Dismissal (ECF No. 13) and Judgment (ECF No. 14) entered in this action on February 5, 2016. For the reasons discussed below, the motion to reconsider will be denied.

1

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Steinhour's second motion for reconsideration was filed thirty-eight days after a Final Judgment was entered dismissing this action on February 5, 2016. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

In his first motion for reconsideration (ECF No.15), Mr. Steinhour maintained that his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 was not time-barred because (a) his sentence was illegal and the mittimus should never have been issued; and (b) the one-year limitation period did not begin to run until June 22, 2015,

when the Colorado Supreme Court denied his writ of certiorari in his postconviction proceedings.  The Court denied the motion on March 2, 2016, finding that Mr. Steinhour provided no justification why the Court should reconsider and vacate the order dismissing this action as time-barred by the one-year limitation period, 28 U.S.C. § 2244(d)(1).  The Court, however, granted Mr. Steinhour's request for an extension of time to file a notice of appeal, giving Mr. Steinhour thirty days from the March 2 order to file a notice of appeal.

In his current motion for reconsideration, Mr. Steinhour argues that (a) he only missed the one-year limitation period by approximately one month; and (b) he is entitled to equitable tolling because he has been pursuing his rights diligently.  (*See* ECF No. 17, at 2).

Upon consideration of the motion and the entire file, the Court finds that Mr. Steinhour has not demonstrated some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed as time-barred by the one-year limitation period, 28 U.S.C. § 2244(d)(1).  Applicant is warned that any further attempts to seek reconsideration of the February 5 dismissal order will be stricken from the record.

Moreover, Mr. Steinhour's request for an extension of time to file a notice of appeal is denied because he fails to show excusable neglect or good cause under Fed. R. App. P. 4(a)(5)(A)(ii).  As previously ordered, Mr. Steinour must file his notice of appeal within thirty days of the March 2 order.

Accordingly, it is

ORDERED that the [Second] Motion for Reconsideration (ECF No. 17) filed *pro se* by Applicant, Archie R. Steinhour, on March 14, 2016, which the Court has treated as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is DENIED. It is

FURTHER ORDERED that Mr. Steinhour's request for an extension of time to file a notice of appeal is DENIED.

DATED at Denver, Colorado, this   16th   day of    March        , 2016.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Senior Judge
United States District Court